IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-72-BO

BMO HARRIS BANK NA, )
        Plaintiff, )
 )
v. ) **O R D E R**
 )
BOSTON TRUCKING, LLC and )
NEKITA BOSTON, )
        Defendants. )

This matter is before the Court on plaintiff's motion for entry of default judgment against defendants, Nekita Boston and Boston Trucking, LLC, under Rule 55(b) of the Federal Rules of Civil Procedure.

Plaintiff brought this action on May 26, 2017, alleging that defendant breached two separate loan and security agreements with plaintiff by failing to repay the loans as scheduled. Defendants, who were served on June 2, 2017, failed to answer or otherwise plead in response to plaintiff's complaint. On September 1, 2017, the Clerk of Court entered default against defendants on the Court's docket. Plaintiff subsequently filed this Motion for Default Judgment.

Default judgment should be avoided when possible. *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). But when a party is unresponsive, as it is here, default is appropriate. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Upon default, the facts alleged by the plaintiff in his complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The next task for the Court is to determine damages. *Id.* at 780-81. If damages can be ascertained from documentary evidence or detailed affidavits, then an evidentiary hearing can be dispensed with. *See Monge v.*

*Portofino Ristorante*, 751 F. Supp. 789, 795 (D. Md. 2010) (collecting cases). Because the two agreements between the parties here explicitly account for the remedies in the event of a breach, damages can be established based on the affidavits plaintiff has put forward and no hearing is necessary.

Accordingly, relief is granted to plaintiff as follows:

1. Plaintiff's motion for default judgment [DE 12] is granted and default judgment is entered against the defendants;

2. Plaintiff is awarded damages against defendants, jointly and severally, in the amount of $118,837.06 in compensatory damages, plus accruing interest a $48.45 per diem starting on September 7, 2017;

3. Plaintiff is awarded reasonable attorneys' fees and costs;

4. The Court grants plaintiff's request to stay the 14-day filing period for moving to request attorneys' fees as normally required by Rule 54(d)(2) until plaintiff is able to repossess its property;

5. Plaintiff is awarded possession of the property, the 2100 INTERNATIONAL PROSTAR 122" BBC CONV CAB TRACTOR 6X4, s/n # 3HSCTAPR5BN196632.

    a. Plaintiff is entitled to immediate possession.

    b. Defendants are enjoined from taking further action regarding the property, apart from returning it to the plaintiff.

    c. If defendant fails to return the property to plaintiff, plaintiff may then move for the Court to direct the United States Marshal for the Eastern District of North Carolina to seize the property and return it to plaintiff. Any motion or application making such a request must be accompanied by a sworn affidavit by plaintiff and

a completed Form USM-285. The costs of such a seizure by the Marshal shall be borne by plaintiff, but plaintiff may then add those costs to those already due under this judgment.

Finding default judgment warranted under Federal Rule of Civil Procedure 55(b), Plaintiff's Motion [DE 12] is GRANTED, and the Clerk of Court is hereby ORDERED to enter a Judgment of Default against Defendants Boston Trucking, LLC and Nekita Boston.

SO ORDERED, this __11__ day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE